<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

IRWIN AZAR and SARAH AZAR,

               Plaintiffs,

   v.

SELECT PORTFOLIO SERVICES, INC., *et al.*,

           Defendants.

</td>
<td>

Civil Action No. 23-3035 (GC) (RLS)

<u>**MEMORANDUM OPINION**</u>

</td>
</tr>
</table>

<u>**CASTNER, District Judge**</u>

    **THIS MATTER** comes before the Court upon Select Portfolio Servicing, Inc. (SPS) and Deutsche Bank National Trust Company, as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2005-3, Asset-Backed Certificates, Series 2005-3 (Trust, and together with SPS, Defendants)'s Motion for Summary Judgment under Federal Rule of Civil Procedure (Rule) 56.[1]  (ECF No. 27.)  Plaintiffs have not opposed.  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendants' Motion for Summary Judgment is **GRANTED**.

---

[1]    Jurisdiction is proper pursuant to 28 U.S.C. § 1332.

I.    **BACKGROUND**

A.    **Factual Background[2]**

On June 8, 2005, Plaintiffs executed a Note in the amount of $975,000, secured by a Mortgage on real property in New Jersey (Note and Mortgage together, the Loan Documents). (ECF No. 27-5 ¶¶ 10-11; *see also* ECF No. 27-7.)  Defendant Trust currently holds the loan.[3]  (ECF No. 27-5 ¶ 2.)  Defendant SPS is the mortgage servicer for the loan; it "collects payments from borrowers and maintains up-to-date electronic records concerning the loans it services."  (*Id.* ¶ 8.)

On November 14, 2014, SPS and Plaintiffs entered into a Loan Modification Agreement. (*Id.* ¶ 14; ECF No. 27-10.)  The Modification Agreement states that Plaintiffs were "experiencing a financial hardship" and were "in default under the Note or default is imminent."  (ECF No. 27-10 at 2.)[4]  It further states that Plaintiffs "[did] not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future."  (*Id.*)  To address these issues, the Modification Agreement modified the principal balance of the Note to include unpaid past due amounts, as well as "unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges," which increased the principal balance of the Note to

---

[2]    On a motion for summary judgment, the Court "draw[s] all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party."  *Jaffal v. Dir. Newark N.J. Field Off. Immigr. & Customs Enf't*, 23 F.4th 275, 281 (3d Cir. 2022) (quoting *Bryan v. United States*, 913 F.3d 356, 361 n.10 (3d Cir. 2019)).  Defendants' Statement of Undisputed Material Facts is at ECF No. 27-14.  Plaintiffs did not submit a responsive statement, and as such, Defendants' Statement is deemed undisputed.  *Walker v. Roman*, Civ. No. 14-1182, 2016 WL 5934692, at *2 (D.N.J. Oct. 12, 2016) ("Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party does not respond or file a counterstatement.").  Unless otherwise noted, the relevant facts are undisputed or supported by record evidence.

[3]    The Note was executed in favor of Long Beach Mortgage Company, which subsequently transferred the loan to the Trust.  (ECF No. 27-5 ¶¶ 10-12.)

[4]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

$1,466,539.23.  (*Id.*)  SPS deferred payment on $838,200.00 and treated it as non-interest bearing. (*Id.*)  This amount was also "eligible for forgiveness," provided that Plaintiffs were not three months behind on payments on the last day of any month.  (*Id.*)  SPS would provide loan forgiveness by reducing the deferred $838,200.00 by one-third for each year for three consecutive years beginning November 1, 2015.  (*Id.*)

By September 30, 2015, Plaintiffs fell three months behind in payments and defaulted on the terms of the Modification Agreement.  (ECF No. 27-5 ¶ 15; *see also* ECF No. 27-12 at 2 (showing five months past due by November 2015).)  However, Plaintiffs allege that "the reason for the alleged breach" is that "[D]efendants told [] Plaintiffs not to make certain payments during the first three anniversaries of November 1, 2014."[5]  (ECF No. 1 ¶ 16.)

## B.    Procedural Background

On June 2, 2023, Plaintiffs filed this action asserting three causes of action against Defendants: breach of contract, promissory estoppel/detrimental reliance, and fraud.  (ECF No. 1 at 4-5.)  Plaintiffs allege that Defendants breached the Modification Agreement by failing to reduce the $838,200.00 forgiveness amount, instructed Plaintiffs not to make certain payments during the three-year forgiveness period, and otherwise made false statements to Plaintiffs.  (*Id.*)  On September 22, 2023, Defendants filed an Answer to the Complaint, denying Plaintiffs' allegations.  (ECF No. 4.)  The parties completed fact discovery on April 8, 2025.  (ECF No. 22.)

---

[5]    On June 10, 2016, the Trust filed for foreclosure against Plaintiffs in the Superior Court of New Jersey, Monmouth County.  (ECF No. 27-3.)  Defendants state that "Plaintiffs ultimately reinstated the Loan on October 10, 2017, resulting in the dismissal of the first foreclosure action." (ECF No. 27-1 at 10.)  Plaintiffs defaulted again, and on July 10, 2019, the Trust again filed a complaint for foreclosure in state court.  (ECF No. 27-4.)  But "Plaintiffs thereafter reinstated the Loan again, and the second foreclosure was dismissed."  (ECF No. 27-1 at 10.)

Defendants filed the instant Motion for Summary Judgment on June 4, 2025.  (ECF No. 27.)  Plaintiffs, who are represented by counsel, did not file an opposition despite the Court giving Plaintiffs a final opportunity to do so.  (ECF No. 28.)  As such, this Motion is now ripe for review.

## II.    <u>LEGAL STANDARD</u>

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.* When deciding the existence of a genuine dispute of material fact, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  "[I]nferences, doubts, and issues of credibility should be resolved against the moving party."  *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983).  The Court must grant summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  "In the face of a properly supported summary judgment motion, the nonmovant's burden is rigorous: the party 'must point to concrete evidence in the record'—mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment."  *Roofer's Pension Fund v. Papa*, 687 F. Supp. 3d 604, 616 (D.N.J. 2023) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995)).

### III.   DISCUSSION

"[A] district court should not . . . grant[] summary judgment solely on the basis that a motion for summary judgment was not opposed," *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991), but rather should enter summary judgment in favor of the movant only if "the facts set forth in the motion entitle[] [the movant] to judgment as a matter of law," *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 176 (3d Cir. 1990).  Defendants argue they are entitled to summary judgment on each of Plaintiffs' claims.  The Court considers each claim in turn.

#### 1.   *Breach of Contract*

Plaintiffs allege that Defendants breached the Modification Agreement by failing to provide the loan forgiveness.  (ECF No. 1 ¶¶ 18-21.)  Defendants argue that they are entitled to summary judgment because the record does not establish two elements of Plaintiffs' breach of contract claim: (1) Plaintiffs' performance under the Modification Agreement, and (2) Defendants' breach of the Modification Agreement.  (ECF No. 27-1 at 12-14.)

Under New Jersey law, a plaintiff must allege four elements to state a breach of contract claim: (1) a valid contract between the parties; (2) performance by the plaintiff; (3) lack of performance by the defendant; and (4) damages.[6]  *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016).  "Where the contract's plain meaning is clear and unambiguous, 'there is no room for interpretation or construction and the courts must enforce those terms as written.'"  *Shui v. Wang*,

---

[6]   The Security Instrument, which the Modification Agreement modified, states that it "shall be governed by federal law and the law of the jurisdiction in which the Property is located."  (ECF No. 27-8 at 11.)  Defendants' Motion applies New Jersey law to the breach of contract claim, and the Court will do the same.  *See also Smith v. Sci. Games Corp.*, 461 F. App'x 151, 153 (3d Cir. 2012) ("As a federal court sitting in diversity, we apply the substantive law of New Jersey, whose law governs this action."); *Beaman v. Bank of Am., N.A.*, Civ. No. 21-20561, 2024 WL 3219224, at *18 n.15 (D.N.J. June 28, 2024) (applying state law where the parties did not dispute its application when agreement provision stated it was governed by federal and state law).

Civ. No. 23-2620, 2023 WL 8520778, at *3 (D.N.J. Dec. 8, 2023) (quoting *Namerow v. PediatriCare Assocs., LLC*, 218 A.3d 839, 843 (N.J. Super. Ct. 2018)).

After forming the contract, the parties may also modify it, *Naughton v. Cnty. of Camden*, No. A-3175-21, 2024 WL 1629181, at *3 (N.J. Super. Ct. App. Div. Apr. 16, 2024) (quoting *Cnty. of Morris v. Fauver*, 707 A.2d 958, 967 (N.J. 1998)), but the modification "must be based upon new or additional consideration," *Fauver*, 707 A.2d at 967. "A contract modification is 'a change in one or more respects which introduces new elements into the details of a contract and cancels others but leaves the general purpose and effect undisturbed.'" *Wells Reit II-80 Park Plaza, LLC v. Dir., Div. of Tax'n*, 999 A.2d 489, 497 (N.J. Super. Ct. App. Div. 2010) (quoting *Int'l Bus. Lists, Inc. v. Am. Tel. & Tel. Co.*, 147 F.3d 636, 641 (7th Cir. 1998)).

The record establishes that Plaintiffs did not perform under the plain terms of the Modification Agreement. Pursuant to its express terms, Plaintiffs would be entitled to forgiveness so long as Plaintiffs remained current on their installment payments as described. (ECF No. 27-10 at 2.) The evidence confirms that Plaintiffs defaulted on their payment obligations by failing to make payments when due, including specifically by failing to make three consecutive monthly payments by September 30, 2015 and five monthly payments by November 1, 2015, precluding them from qualifying for the loan forgiveness. (ECF No. 27-5 at 4; ECF No. 27-11.) In addition, a copy of a November 12, 2015 Mortgage Statement sent to Plaintiffs contains a "Delinquency Notice" warning of unpaid payments due in July 2015, August 2015, September 2015, October 2015, and November 2015. (ECF No. 27-12.) As such, the Court finds that Defendants have sufficiently established, without dispute, that Plaintiffs did not perform under the Modification Agreement to support a breach of contract claim. *See* Fed. R. Civ. P. 56(c).

6

While Plaintiffs allege that "[D]efendants told the Plaintiffs not to make certain payments during the first three anniversaries of November 1, 2014," which is the reason for their failure to perform, (*see* ECF No. 1 ¶ 16), "there is no showing that [Defendants] voluntarily and knowingly waived [their] right[s] . . . under the terms of the contract," *Fauver*, 707 A.2d at 970, or that the parties modified the forgiveness provision based on valuable consideration. *Barr v. Harrah's Ent., Inc.*, 242 F.R.D. 287, 293 n.4 (D.N.J. 2007) (citing *W. Jersey Title & Guar. Co. v. Indus. Trust Co.*, 141 A.2d 782, 787 (N.J. 1958)). To the contrary, the record shows that SPS contacted Plaintiffs multiple times seeking payment on the loan. (ECF No. 27-12 (Mortgage Statement stating "[a]s of November 12, [Plaintiffs] are 134 days delinquent on [the] mortgage loan").)

Based on the record before the Court, the Court grants Defendants summary judgment as to Plaintiffs' breach of contract claim.

### 2.    *Promissory Estoppel / Detrimental Reliance*

Defendants also seek summary judgment as to Plaintiffs' claim of promissory estoppel/detrimental reliance. Plaintiffs allege that "[D]efendants told the Plaintiffs not to make certain payments during the first three anniversaries of November 1, 2014 to be eligible for the agreed upon forgiveness amount," and that "Plaintiff [Irwin Azar] relied on and followed the defendant's statements and directions to his detriment." (ECF No. 1 ¶¶ 22-25.) Under New Jersey law, to prevail under a theory of promissory estoppel, the party asserting estoppel must establish: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (quoting *Toll Bros., Inc. v. Bd. of Chosen Freeholders of Burlington*, 944 A.2d 1, 19 (N.J. 2008)); *see also Fischer v. Fischer*, No. A-5294-18T2, 2021 WL 112755, at *2 (N.J. Super. Ct. App. Div. Jan. 13, 2021) (noting the burden of proof is on the moving party).

7

Defendants dispute Plaintiffs' allegations that Plaintiffs could forego "certain payments . . . to be eligible for the agreed upon forgiveness amount" and provide call notes "evidencing that SPS repeatedly contacted Plaintiffs leading up to the default to try to get Plaintiffs to make payments and were promised by Plaintiffs that payments would be made." (ECF No. 27-1 at 15; *see also* ECF No. 27-13.)  Defendants contend that "[a]t no time did Defendants tell Plaintiffs not to make payments." (ECF No. 27-14 ¶¶ 15-17 (citing ECF No. 27-13).)  Based on the record before the Court, which is undisputed, the Court grants Defendants' Motion as to Plaintiffs' promissory estoppel/detrimental reliance claim.

### 3.    *Fraud*

Last, Plaintiffs assert a claim for fraud.  Plaintiffs allege that Defendants "made knowingly false statements" to Plaintiffs that Plaintiffs "reasonably relied on . . . to [their] detriment." (ECF No. 1 ¶¶ 26-29.)  Under New Jersey law, fraud requires a showing of five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005) (quoting *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997)).  "[A] party alleging fraud bears the burden of proving such fraud through clear and convincing evidence." *Excel Pharmacy, Inc. v. Ortiz*, No. A-2447-19, 2021 WL 1942475, at *4 (N.J. Super. Ct. App. Div. May 14, 2021) (citing *Nolan by Nolan v. Lee Ho*, 577 A.2d 143, 146 (N.J. 1990)).

Based on the record before the Court, there is no evidence that Defendants made any false statements to Plaintiffs.  To the contrary, the evidence shows that the parties entered into a Modification Agreement that required Defendants to maintain their monthly payments and

8

Plaintiffs failed to do so.  Thus, the Court grants summary judgment in favor of Defendants as to Plaintiffs' fraud claim.[7]

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion for Summary Judgment (ECF No. 27) is **GRANTED**.  An appropriate Order follows.

Dated: May 28, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7]   Defendants make the additional argument that the economic loss doctrine bars Plaintiffs' promissory estoppel and fraud counts because each is related to the contract at issue, as neither claim is "extraneous to the contract" as is required to succeed on such claims.  (ECF No. 27-1 at 18-20 (citing *Unifoil Corp. v. Cheque Printers & Encoders Ltd.*, 622 F. Supp. 268, 271 (D.N.J. 1985)).)  Because the Court dismisses Plaintiffs' counts on other grounds, the Court need not address this argument.